IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                         CR 10-3150 JAP
                                                         CV 16-476 JAP/WPL

ARTHUR HARRIS,

       Defendant.

**ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION**

In the Proposed Findings and Recommended Disposition (PFRD) (Doc. No. 184),[1] Magistrate Judge William P. Lynch recommended granting Defendant Arthur Harris' (Defendant) original *pro se* "Motion to Seek Time-Barred and Procedurally Defaulted Habeas Petition Pursuant to 28 U.S.C. § 2255 'Motion to Vacate, Set Aside, or Correct a Sentence': Due to the Fifth and Sixth Amendment Violations that Renders (sic) Petitioner Actually Innocent of the Imposed Sentence" (Doc. No. 168) (Section 2255 Motion)[2] asking for resentencing under *Johnson v. United States*, 576 U.S. ---, 135 S. Ct. 2551 (2015). The United States' objects to the PFRD (Doc. No. 185), and Defendant responded to the United States' objections (Doc. No. 186). The United States objects to the PFRD's recommendation that the Court find that the commercial burglary statute NMSA 1978 § 30-16-3(B) is indivisible under *Mathis v. United States*, 136 S. Ct. 2243 (2016); and therefore, does not qualify as a violent felony under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). The United States also argues, for the first time in its

---

[1] All document numbers refer to the docket in the criminal case, CR 10-3150 JAP. All documents are concurrently filed in the civil case and may be found there.
[2] After counsel was appointed, Defendant filed a MEMORANDUM OF LAW IN SUPPORT OF §2255 MOTION (Doc. No. 179).

objections, that the Section 2255 Motion is time-barred. After a *de novo* review, the Court finds the objections to be without merit and will adopt the PFRD. The PFRD thoroughly set forth the factual and legal landscape of this case; however, the Court will summarize that information and will address the objections.

I.  BACKGROUND

On May 20, 2011, a jury convicted Defendant of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. 922(g)(1). (*See* Doc. No. 78). The Court adopted the facts in the Presentence Investigation Report (PSR) issued by the United States Probation Office (USPO) on September 19, 2011. The PSR stated that Defendant had been convicted of the following crimes under New Mexico law: (1) on January 14, 1985, residential burglary in violation of NMSA § 30-16-3(A); (2) on May 4, 1987, commercial burglary in violation of NMSA § 30-16-3(B); (3) on April 28, 1994, commercial burglary in violation of NMSA § 30-16-3(B); and (4) on April 28, 1994, assault with a deadly weapon. Based on these convictions, the USPO concluded that Defendant's sentence should be enhanced under the ACCA because he had previously been convicted of three violent felonies. The Court accepted the findings in the PSR and sentenced Defendant to 298 months' incarceration. A judgment of conviction was entered on October 1, 2012. (Doc. No. 128).

Although an offense under § 922(g)(1) is generally subject to a statutory maximum sentence of ten years, *see* 18 U.S.C. § 924(a)(2), the ACCA will increase that penalty to a statutory minimum sentence of fifteen years if the offender has three prior convictions for a violent felony, a serious drug offense, or a combination of both, that were committed on different occasions. 18 U.S.C. § 924(e)(1). In his Section 2255 Motion, Defendant asks the Court to vacate his sentence and resentence him without the ACCA enhancement. Defendant argues that

his two underlying felony convictions for commercial burglary no longer qualify as violent felonies for purposes of ACCA enhancement.

II. DISCUSSION

The ACCA defines a "violent felony" as a crime punishable by imprisonment for more than one year and:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (italics added). Subparagraph (i) is referred to as the "force clause" or "elements clause;" the non-italicized portion of subpart (ii) is known as the "enumerated clause"; and, the italicized portion of subpart (ii) is called the "residual clause." *Johnson*, — U.S. —, 135 S. Ct. 2551, 2556 (2015). *See United States v. Harris*, 844 F.3d 1260, 1263 (10th Cir. 2017); *United States v. Fritts*, 841 F.3d 937, 939 (11th Cir. 2016); *United States v. Gardner*, 823 F.3d 793, 801-02 (4th Cir. 2016). In *Johnson*, the Supreme Court ruled that the residual clause is unconstitutionally vague, but left the force and enumerated clauses intact. 135 S. Ct. at 2557–2563. Defendant argues that his commercial burglary convictions no longer qualify as violent felonies under the enumerated clause, the only valid provision of the ACCA applicable to this case.[3]

To determine whether a past conviction qualifies as one of the enumerated offenses in 18 U.S.C. § 924(e)(2)(B)(ii), courts compare the statutory elements of the crime of conviction with the elements of the "generic" version of the listed offense—i.e. the offense as commonly understood. *See Taylor v. United States,* 495 U.S. 575, 598 (1990); *United States v. Jimenez*, No.

---

[3] Commercial burglary could not qualify as a violent felony under the "force" clause because it does not have as an element the use, attempted use, or threatened use of physical force against the person of another. NMSA 1978 § 30-16-3(B).

16 CV 661 RB/SMV, ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION (Doc. 20), at 6 (D.N.M. Dec. 23, 2016) (hereinafter *Jimenez* Order). Under this standard, Defendant's two prior convictions for commercial burglary may qualify as violent felonies under the ACCA only if the statutory elements for this crime fit within the generic version of burglary, which is a crime containing the following elements: "an unlawful or unpriviledged entry into . . . a building or other structure, with intent to commit a crime." *Mathis v. United States*, --- U.S. ---, 136 S.Ct. 2243, 2248 (2016) (quoting *Taylor*, 495 U.S. at 598).

In *Mathis*, the Supreme Court clarified how courts should determine whether a particular statutory violation falls within the generic version of an enumerated offense. *Id.* Courts must apply "the categorical approach: They focus solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case." *Id.* Elements, in this context, means "the things the prosecution must prove to sustain a conviction." *Id.* For example, if the statutory elements of burglary cover "any more conduct than the generic offense, then it is not an ACCA 'burglary' – even if the defendant's actual conduct (i.e., the facts of the crime) fits within the generic offense's boundaries." *Id.* The central question is whether the statute lists multiple elements disjunctively, thereby creating multiple crimes (i.e., a divisible statute, triggering the modified categorical approach), or whether a statute enumerates various factual means of committing a single element (i.e., an indivisible statute, requiring the categorical approach). *Id.* at 2249-50. To determine if a statute lists alternative means or elements, courts should look at the plain language of the statute, but state court decisions may assist sentencing courts. If statutory alternatives carry different

punishments, then they must be elements (and, thus, the statute is divisible, triggering the modified categorical approach). *Id.* at 2257 (citation omitted).

Thus, the Court's analysis will focus on the New Mexico commercial burglary statute. If the statutory elements are the same or narrower than the elements of generic burglary, then the Court may rely on Defendant's convictions for this offense to affirm Defendant's enhanced sentence. However, if commercial burglary under New Mexico law does *not* qualify as a generic burglary under the enumerated clause, the Court cannot rely on that conviction. *Id.* at 2557, 2563.

New Mexico's burglary statute provides that

> [b]urglary consists of the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, with the intent to commit any felony or theft therein.
>
> A. Any person who, without authorization, enters a dwelling house with intent to commit any felony or theft therein is guilty of a third degree felony.
>
> B. Any person who, without authorization, enters any vehicle, watercraft, aircraft or other structure, movable or immovable, with intent to commit any felony or theft therein is guilty of a fourth degree felony.

NMSA 1978 § 30-16-3. Defendant's commercial burglary convictions were under Subsection B of this statute.

If the statute lists alternative elements, courts may employ the "modified categorical approach" and may look to certain documents to determine the crime of and elements of conviction. *Id.* If, however, the statute lists various factual means of committing the same element, the court may not look to underlying documents to determine which method the defendant used to commit the crime. *Id.*

The Court must first determine whether the overall burglary statute is divisible. A statute is divisible if it lists elements in the alternative, thus defining multiple crimes. A statute is not

5

divisible if the statute "enumerates various factual means of committing a single element," thereby listing multiple ways of committing the same element. 136 S. Ct. at 2249. The Magistrate Judge determined that the New Mexico burglary statute is divisible into only two crimes: residential burglary under subparagraph A and burglary of other structures or things under subparagraph B. (PFRD at 5) (citing *State v. Ervin*, 630 P.2d 765, 766 (N.M. Ct. App. 1981) ("Our burglary statute merely differentiates between residential burglary and burglary of other [locations]") The Court agrees. Subparagraph B lists alternative means of committing the locational element of burglary, and is not further divisible under *Mathis*. *See Jimenez* Order at 14–20 (finding that NMSA § 30-16-3(B) is not divisible).

In its objection to the PFRD, the United States essentially rehashes its argument that N.M.S.A. § 30-16-3(B), is divisible. Section 30-16-3(B) states that "[a]ny person who, without authorization, enters any vehicle, watercraft, aircraft or other structure, movable or immovable, with intent to commit any felony or theft therein is guilty of a fourth degree felony." The United States contends that the phrase "any vehicle, watercraft, aircraft or other structure" is not an illustrative list of ways to commit the locational element of burglary, but rather defines separate elements. The Magistrate Judge was not persuaded by the argument and neither is this Court.

Further, the United States suggests that *State v. Ervin*, 630 P.2d 765 (N.M. Ct. App. 1981), is not determinative of this issue. *Ervin* explains that the New Mexico "burglary statute merely differentiates between residential burglary and burglary of other [locations]." *Id.* at 766. The United States asserts that *Ervin* does not decide the matter conclusively.

Nevertheless, the plain language of Paragraph (B) clearly lists alternative means of committing the locational element of non-residential burglary. Paragraph (B) is not divisible under *Mathis*. Hence, it is neither necessary nor permissible for the Court to "peek" at

6

Defendant's record of conviction to determine whether the listed items are means or elements.[4]
The United States' first objection is overruled.

As to the United States' second objection, that Harris's Section 2255 Motion is time-barred, that argument has been waived. Issues raised for the first time in objections to the PFRD are deemed waived. *United States v. Garfinkle*, 261 F.3d 1030, 1030-31 (10th Cir. 2001); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). And, the Tenth Circuit's recent decision in *United States v. Taylor*, — F. App'x —, 2016 WL 7093905 (10th Cir. Dec. 6, 2016) does not excuse the United States' failure to raise this argument prior to the date the PFRD was entered.[5] The Court will therefore overrule the United States' Objections to the Magistrate Judge's PFRD based on the alleged untimeliness of Defendant's Section 2255 Motion.

IT IS THEREFORE ORDERED that:

1. The Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 184) are adopted by the Court;

2. The Defendant's Motion to Seek Time-Barred and Procedurally Defaulted Habeas Petition Pursuant to 28 U.S.C. § 2255 "Motion to Vacate, Set Aside, or Correct a Sentence"': Due to the Fifth and Sixth Amendment Violations that Renders (sic) Petitioner Actually Innocent of the Imposed Sentence (Doc. No. 168) is GRANTED;

---

[4] The Court notes that even if the term "structure" in Subsection B *were* an alternative locational element distinct from vehicles, watercraft, and aircraft as the Government claims, and even if the Court *did* apply the modified categorical approach and determine that Defendant was convicted of burgling a "structure," this element would still be broader than generic burglary. Subsection B provides that a "structure" may be "movable or immovable." NMSA 1978 § 30-16-3(B). Thus, the term would include, for example, a railroad car. *Id.*; *see* NMSA 1978 § 66-1-4.19(B) ("devices . . . used exclusively upon stationary rails or tracks" are not "vehicle[s]" under New Mexico Motor Vehicle Code). Generic burglary, however, excludes movable structures such as railroad cars from its locational element. *See Taylor*, 495 U.S. at 599 (Missouri burglary statute with locational element that included "any booth or tent, or any boat or vessel, or railroad car" was broader than generic burglary). Hence, even if New Mexico burglary of a "structure" were a distinct crime from burglary of a vehicle, watercraft, or aircraft, the offense would still be broader than generic burglary and thus the offense would not qualify as a violent felony under the ACCA's enumerated clause. *Mathis*, 136 S. Ct. at 2250-51, 2257.

[5] The holding *Taylor* was issued on December 6, 2016 more than a month prior to the Magistrate Judge's PFRD, which was entered on February 1, 2017.

7

3. The Defendant's sentence in 10 CR 3150 JAP is VACATED; and

4. A hearing to resentence Defendant in 10 CR 3150 JAP is set at 1:50 pm on June 8, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE